Royal F. Oakes (SBN 080480)
roakes@mail.hinshawlaw.com
James C. Castle (SBN 235551)
jcastle@mail.hinshawlaw.com
HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
Telephone: 213-680-2800
Facsimile: 213-614-7399

Attorneys for Plaintiff
METROPOLITAN LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE,<br><br>Plaintiff,<br><br>vs.<br><br>SHARON L. PATE, NORMAN L. MONKS, LINDA M. MOCHELL, BEULAH MONKS,<br><br>Defendants. | Case No. 2:14-cv-02558-MCE-AC<br><br>**REPORT FOLLOWING CONFERENCE OF THE PARTIES**<br><br>[Pursuant to Fed. R. Civ. Pro. 26 and Local Rule 240]<br><br>Complaint Filed: November 2, 2014 |

HINSHAW & CULBERTSON
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

REPORT FOLLOWING CONFERENCE OF THE PARTIES
Case No. 2:14-cv-02558-MCE-AC
36153628v1 0965318

Counsel have conferred pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 240. James C. Castle appeared for Plaintiff Metropolitan Life Insurance Company ("MetLife") and Mark Rose appeared for Defendant Beulah Monks ("Beulah"). Defendants Norman L. Monks and Linda Machell, who are not represented by counsel, discussed the primary issues telephonically with MetLife's counsel. Defendant Sharon L. Pate ("Pate") has not appeared in this action and her default has been entered and as such, she did not participate in the conference of counsel.

Norman Monks, a resident of Alaska, would like to note that given his work schedule it will be extremely difficult and financially burdensome for him to appear in Court (either for the Scheduling Conference or any hearings) until November 2016.

Pursuant to Rule 26(f), the Parties submit the following Joint Report:

1. **Background and Status**

This is an interpleader action brought by MetLife to resolve entitlement to Federal Employee Group Life Insurance ("FEGLI") benefits (approximately $22,000) that became payable upon the death of Clyde Monks ("Decedent").

Almost immediately after the filing of the Complaint, counsel for Beulah Monks reached out counsel for MetLife to advise that the Claimants had resolved the entitlement to the FEGLI benefits as part of a global settlement of Decedent's estate by way of a Sacramento Superior Court proceeding. However, MetLife was never provided with the signed judgment and even a review of a stipulation filed in that action, it was unclear as to whether it resolved the entitlement to the FEGLI benefits (given Norman Monks and Linda Machell's not signing the agreement).

1

HINSHAW & CULBERTSON
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

REPORT FOLLOWING CONFRENCE OF THE PARTIES
Case No. 2:14-cv-02558-MCE-AC
36153628v1 0965318

Given the uncertainty, counsel for MetLife prepared a release and circulated it to the parties for their review, which would have unambiguously resolved the entitlement to the proceeds and made the instant action moot. However, the Claimants were unwilling to sign the agreement, as it became apparent that the Claimants continued to dispute entitlement to the FEGLI benefits and disagree as to the effect of the Sacramento Superior Court proceedings.

Counsel for MetLife repeatedly advised the Claimants that they need to respond to the Complaint, if they continue to claim entitlement to the FEGLI benefits. Beulah Monks (through her counsel), Norman Monks and Linda Machell, have all responded to the Complaint. Sharon Pate indicates that she does not intend to appear in this action.

## 2. Status of Service

All parties have been served and proofs of service filed with the Court. All defendants have appeared with the exception of Sharon Pate. Her default has been entered.

## 3. Jurisdiction and Venue

The parties do not dispute that jurisdiction and venue are proper in this Court. Jurisdiction exists, pursuant to 28 U.S.C. 1335 as this is an interpleader action with claimants of diverse citizenship with benefits (the amount in controversy). Venue is proper pursuant to 28 U.S.C. 1391 in that one of the defendants resides in the Eastern District.

## 4. Necessity of Three District Judges

There is no need for the use of three District Court judges.

HINSHAW & CULBERTSON
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

### 5. Joinder and Amendment of the Pleadings

The parties do not anticipate any joinder of parties or amendment of the pleadings.

### 6. Variations in Filing and Service

The parties do not believe any variation or amendment of the filing and service requirements are needed in this action.

### 7. Motions

MetLife, as a disinterested stakeholder, intends to file a motion for dismissal and discharge of all liability. MetLife does not need to continue to participate in this dispute between the competing claimants. MetLife intends on filing this Motion immediately following the Scheduling Conference.

The competing claimants reserve the right to file a dispositive motion addressing why any one of them is legally entitled to the insurance benefits/interpled funds.

### 8. Initial Disclosures

MetLife will provide the parties with their Initial Disclosures within two weeks of the submission of this report.

### 9. Discovery Plan

MetLife, as a disinterested stakeholder, does not anticipate conducting any discovery in this action. The competing claimants expect to conduct written discovery and potentially depositions as to who is legally entitled to the insurance benefits/interpled funds.

HINSHAW & CULBERTSON
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

## 10. Proposed Dates

The competing claimants propose the following dates. MetLife has not contributed to these dates given that they anticipate being dismissed prior to any of the below events.

| | | |
|---|---|---|
| a. | L/D to Complete Discovery: | August 31, 2016 |
| b. | L/D for Motion Hearings: | September 30, 2016 |
| c. | Pretrial Conference: | November 1, 2016 |
| d. | Trial: | November 7, 2016 |

## 11. Modification of Pretrial Procedures

The parties do not believe any amendment or modification of the pretrial procedures is necessary in this case.

## 12. Settlement and Appropriateness of VDRP

The competing claimants are amenable to a Settlement Conference before Court or before the Court's Voluntary Dispute Resolution Panel.

DATED: April 29, 2016          HINSHAW & CULBERTSON LLP

By: /s/ James C. Castle
Royal F. Oakes
James C. Castle
Attorneys for Plaintiff
Metropolitan Life Insurance Company

DATED: April 29, 2016          R. MARK ROSE

By: /s/ R. Mark Rose
R. Mark Rose
Attorneys for Defendant Beulah Monks

HINSHAW & CULBERTSON
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

# CERTIFICATE OF SERVICE

*Metropolitan Life Insurance Company v. Sharon L. Pate, et al.*

Case No. 2:14-cv-02558-MCE-AC

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 633 West 5th Street, Los Angeles, CA 90071-2800.

On April 29, 2016, I served the document(s) entitled, **REPORT FOLLOWING CONFERENCE OF THE PARTIES**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**SEE ATTACHED SERVICE LIST**

☒ **(BY MAIL):** I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(VIA OVERNIGHT MAIL):** I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☐ **(BY ELECTRONIC MAIL):** By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☐ **(BY FACSIMILE):** By transmitting an accurate copy via facsimile to the person and telephone number as stated.

☐ **(BY CM/ECF SERVICE):** I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on April 29, 2016, at Los Angeles, California.

/s/ Anita Varela
_____
Anita Varela

# SERVICE LIST

*Metropolitan Life Insurance Company v. Sharon L. Pate, et al.*

**Case No. 2:14-cv-02558-MCE-AC**

Sharon Pate
4209 Jump Ct.
Sacramento, CA 95826

Linda Mochell
9129 Falcon Street Cir
Elk Grove, CA 95624

Norman Monks
11801 Gander Street, Unit 1
Anchorage, AK 99516

36131348v1 0965318