1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11
12

METROPOLITAN LIFE INSURANCE
COMPANY,

No.  2:14-cv-02558-MCE-AC

13

Plaintiff,

**MEMORANDUM AND ORDER**

14

v.

15
16

SHARON L. PATE, NORMAN L.
MONKS, LINDA M. MOCHELL,
BEULAH MONKS,

17

Defendants.

18
19

Through the present motion, Plaintiff Metropolitan Life Insurance Company

20

("MetLife") seeks discharge in interpleader now that the contested proceeds to its policy

21

of life insurance have been paid into the Court's registry.  No opposition to that request

22

has been made, and it is now granted.[1]

23

///

24

///

25

///

26

///

27
28

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.C. Cal. Local Rule 230(g).

1

2

## BACKGROUND[2]

3

4   This is an interpleader action involving a dispute over entitlement to life insurance

5   benefits payable as a result of the death of Clyde Monks ("the Decedent") on May 4,

6   2014.  At the time of his death, the Decedent was insured through a Federal Group Life

7   Insurance Policy ("the Policy") issued by MetLife. As a result of the insured's death, a

    total death benefit of $24,000.00 became payable under the Policy.

8   The latest beneficiary designation on file under the Policy, dated March 3, 2012,

9   specified that his three children, Defendants Sharon L. Pate, Norman L. Monks and

10  Linda M. Mochell should each receive an equal one-third of Policy benefits.  The

11  previous designation dated January 21, 1976, however, designated the Decedent's wife,

12  Beulah Monks, as sole beneficiary.  Following the Decedent's Death, Beulah Monks'

13  attorney claimed that he had been diagnosed with severe Alzheimer's type dementia on

14  February 17, 2011, and was therefore not competent to make financial decisions at the

15  time he changed the Policy's beneficiaries in 2012.

16  Because of the conflicting claims between Decedent's children on the one hand

17  and his wife on the other, Met Life filed the instant interpleader action on November 2,

18  2014.  By Order filed May 5, 2016, this Court directed MetLife to pay the Policy benefits,

19  plus accrued interest, into the Court's registry.  ECF No. 23.  A total of $24,228.49 was

20  subsequently deposited with the Court on or about May 12, 2016.  ECF No. 24.

21  Now that the disputed policy proceeds have been paid, MetLife, through the

22  present motion, seeks a discharge from any further liability in this matter.

23  ///

24  ///

25  ///

26  ///

27  ///

---

[2] The underlying facts are undisputed.

28

2

1

**ANALYSIS**

2

3      A stakeholder holding funds or property to which conflicting claims may be made

4  can protect itself from multiple liability, and require potential claimants to litigate between

5  themselves who is entitled to the funds or property, by commencing an action in

6  interpleader.  See, e.g., Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1265 (9th Cir.

7  1992).  An interpleader action entails a two stage process.  "'First, the court determines

8  the propriety of interpleading the adverse claimants and relieving the stakeholder from

9  liability.  The second stage involves an adjudication of the adverse claims of the

10  defendant claimants.'"  Metro. Life Ins. Co. v. Billini, 2007 WL 4209405 at *2 (E.D. Cal.

11  2007) (quoting First Interstate Bank of Or. v. U.S., 891 F. Supp. 543, 546 (D. Or. 1995)).

12  The motion presently before this Court focuses on the first stage of the interpleader

13  process.

14      Jurisdiction over an interpleader may be established in two ways.  A "rule

15  interpleader" is brought pursuant to Federal Rule of Civil Procedure 22.  Alternatively,

16  subject matter jurisdiction for a so-called "statutory interpleader" rests on the Federal

17  Interpleader Act, 28 U.S.C. § 1335, and exists where there is diversity between the

18  claimants, the amount in controversy exceeds $500.00, and the stakeholder has

19  deposited the disputed funds with the Court.  28 U.S.C. § 1335.[3]  MetLife has brought

20  this action as both rule and a statutory interpleader.  See Compl, ¶ 6.

21      The stakeholder seeking discharge and judgment in interpleader has the burden

22  of demonstrating that interpleader is justified.  Interfirst Bank Dallas, N.A. v. Purolator

23  Courier Corp., 608 F. Supp. 351, 353 (D.C. Tex. 1985).  As set forth in the Background

24  section of this Memorandum and Order, it is undisputed that Decedent's wife and

25  children both claim entitlement to the Policy proceeds.  MetLife has therefore

26  demonstrated, as it must, that it faces the prospect multiple liability with respect to its

27  policy proceeds because of conflicting claims.  Id.  Because MetLife has satisfied the

28
_____
   [3] Statutory interpleader under 28 U.S.C. § 1335 is supplemented by 28 U.S.C. §§ 1397 and 2361.

3

1  jurisdictional requirements of an interpleader claim, it is entitled to both a discharge of

2  liability and a dismissal of the action.  28 U.S.C. § 2361; <u>United States v. High</u>

3  <u>Technology Products, Inc</u>., 497 F.3d 637, 641-42 (6th Cir. 2007).

4

5  **CONCLUSION**

6

7        For the reasons set forth above, MetLife's Motion for Dismissal and Discharge of

8  All Liability (ECF No. 25) is GRANTED.  MetLife is therefore discharged of any and all

9  further liability to individuals with competing claims against the proceeds of its Policy

10 payable as a result of the May 4, 2014 death of Clyde Monks.  Met Life is accordingly

11 dismissed from this action with prejudice.  Although the first stage of the two-part

12 interpleader process has now been completed, the remaining parties must now litigate

13 their entitlement to the interpled Policy funds in the second phase of these proceedings.

14       Counsel for MetLife shall serve a copy of this Memorandum and Order on all

15 parties within thirty (30) days after the date it is electronically filed.

16       IT IS SO ORDERED.

17       Dated:  July 29, 2016

18

19 MORRISON C. ENGLAND, JR.
   UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

4